IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| **EVELYN FOSTER** | * | |
| | * | |
| v. | * | Civil Case No. JFM-16-69 |
| | * | |
| **COMMISSIONER, SOCIAL SECURITY** | * | |
| | * | |

************

REPORT AND RECOMMENDATIONS

Pursuant to Standing Order 2014- 01, the above-referenced case has been referred to me for review of the parties' dispositive motions and to make recommendations pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule 301.5(b)(ix). [ECF No. 6]. I have reviewed the Commissioner's Motion to Dismiss [ECF No. 14]. Ms. Foster, who appears *pro se*, has not filed an Opposition. I find that no hearing is necessary. *See* Loc. R. 105.6 (D. Md. 2014). For the reasons set forth below, I recommend that the Commissioner's motion be granted and the complaint be dismissed.

On October 19, 2015, the Appeals Council mailed Ms. Foster notice of its decision denying her request for review of an adverse decision from an Administrative Law Judge pertaining to a disability claim for her minor son. [ECF No. 14-2, Hartt Decl, Ex. 2]. That notice also advised Ms. Foster of her right to commence a civil action within sixty days from receipt of the notice. *Id.*, 42 U.S.C. §§ 405(g) and (h). The Commissioner's regulations have interpreted the statute to permit sixty-five days from the date of the notice, to allow sufficient time for mailing the notice. 20 C.F.R. §§ 404.901, 422.210(c). Ms. Foster therefore had to file her civil action on or before December 23, 2015. Instead, Ms. Foster filed her complaint on January 8, 2016. [ECF No. 1].

I note that Ms. Foster's Complaint, Civil Cover Sheet, and supplement are all dated December 12, 2015. [ECF No. 1]. Had her documents been filed on that date, she would have been well within the statute of limitations. However, the Clerk's Office date stamps indicate that the documents were not filed until January 8, 2016. *Id.* The reasons for the several-week discrepancy are not presented to this Court. "Because of the importance of respecting limitations periods, equitable tolling is appropriate only 'where the defendant has wrongfully deceived or misled the plaintiff in order to conceal the existence of a cause of action.'" *Kokotis v. U.S. Postal Service*, 223 F.3d 275, 280 (4th Cir. 2000). Ms. Foster's allegations in the supplement she filed appear to suggest that, at some point in the administrative process, she did not receive a letter she should have received. [ECF No. 1-2]. It is not evident that she is referring to the decision of the Appeals Council, however, particularly because she describes going to the Social Security Administration to file her appeal. Moreover, the fact that Ms. Foster's documents are dated December 12, 2015 indicates that, at the very least, she had received notice of the Appeals Council decision to permit her to file a timely appeal in this Court. Somehow, however, she failed to do so, and she has not provided an explanation for that failure. Ultimately, Ms. Foster has not alleged, and the record does not reflect, any misconduct on the part of the Commissioner to permit a finding of equitable tolling. As a result, despite the differences in the dates, I am unaware of any facts to justify equitable tolling, and I recommend that the Commissioner's Motion to Dismiss be granted.

**CONCLUSION**

For the reasons set forth above, I respectfully recommend that the Court GRANT Defendant's Motion to Dismiss, [ECF No. 14] and order the Clerk to CLOSE this case.

Any objections to this Report and Recommendations must be served and filed within fourteen (14) days, pursuant to Federal Rule of Civil Procedure 72(b)(2) and Local Rule 301.5(b).

**NOTICE TO PARTIES**

Failure to file written objections to the proposed findings, conclusions, and recommendations of the Magistrate Judge contained in the foregoing report within fourteen (14) days after being served with a copy of this report may result in the waiver of any right to a *de novo* review of the determinations contained in the report and such failure shall bar you from challenging on appeal the findings and conclusions accepted and adopted by the District Judge, except upon grounds of plain error.

Dated: May 6, 2016                                                                        /s/

                                                                                                    Stephanie A. Gallagher
                                                                                                    United States Magistrate Judge